**Concurring Opinion Filed April 21, 2021**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

_____

**No. 05-19-00630-CV**
_____

**TRENT S. GRIFFIN, Appellant
V.
AMERICAN ZURICH INSURANCE COMPANY, ET AL., Appellee**

**On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-13-05893**

## CONCURRING OPINION

Opinion by Justice Schenck

I agree with the majority's liberal construction of Griffin's sole issue to be the trial court abused its discretion and committed reversible error by dismissing his claims for want of prosecution. I agree that the trial court erred in dismissing Griffin's claims for want of prosecution. I also agree with the majority's exploration of other potential grounds available to sustain the judgment and with its conclusion that the judgment cannot be upheld, at this stage, as a sanction or directed verdict. I write separately to explore whether another procedural vehicle exists to sustain the trial court's judgment.

In entering the final judgment, the trial court granted Zurich's motion to exclude Griffin's evidence and witnesses for failure to abide by the rules governing discovery and disclosure and the mandates set forth in the trial court's scheduling order.  Griffin does not challenge that ruling here.  An earlier summary judgment ruling had likewise narrowed the issues before the trial court (and us) substantially.  In light of this, we might consider, for purposes of Texas Rule of Appellate Procedure 44.1, whether the trial court's dismissal "probably resulted in an improper judgment," as the court could have treated appellee's motion as one seeking summary judgment under rule 166a(c)—a vehicle less procedurally ill-suited than directed verdict to the posture before it.

While such a disposition may have been substantively available to the trial court, on our record, as I understand it, it also would have required a discretionary shortening of the applicable deadlines under subparagraph (c) of rule 166a, something I would not be prepared to presume or to fault the appellant for leaving unchallenged at this stage.  Thus, despite our preference for finality, particularly in the face of repeated appeals, I agree that remand is warranted here.  TEX. R. APP. P. 48.3 ("when reversing a . . .  judgment the court must render the judgment the trial court should have rendered, except when:" further proceedings "are necessary" or "interests of justice" require "another trial").

Consequently, the trial court's final judgment is not sustainable and I concur in the majority's decision to reverse the judgment and to remand the case.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


190630CF.P05